UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

HOLGER LEMA-YAUCAN,

Petitioner,

-against-

SUPERINTENDENT PHILIP MELECIO,

Respondent.
-----------------------------------------------------------X

**DECISION AND ORDER**

23 Civ. 3860 (NSR) (AEK)

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.**

*Pro se* Petitioner Holger Lema-Yaucan filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Currently before the Court is Respondent's motion for leave to file under seal the trial transcripts, state court record, and his memorandum of law. ECF No. 35 ("Sealing Motion" or "Sealing Mot."). For the reasons that follow, the Sealing Motion is GRANTED IN PART AND DENIED WITHOUT PREJUDICE IN PART.

**BACKGROUND**

Following a jury trial, Petitioner was convicted of first-degree rape, second-degree strangulation, aggravated criminal contempt, first-degree sexual abuse, and endangering the welfare of a child. Respondent notes that "Petitioner's conviction stems from his assault, strangulation, and rape of an adult victim while two young children were in the same room." Sealing Mot. at 1. Section 50-b of New York's Civil Rights Law requires that the identities of victims of sex offenses remain "confidential" and that no public employee make "available for public inspection" any document disclosing the victim's identity. N.Y. Civ. Rights Law § 50(b)(1). To comply with the Civil Rights Law and otherwise protect the victims from having their identities made public, Respondent requests permission to file under seal "the transcript and

the state court record" because "[t]he names of the three victims and their relationship to [P]etitioner appear numerous times throughout the trial transcript and the appellate record." Sealing Mot. at 2.[1] As to the request to file his entire memorandum of law under seal, Respondent adds that "it is not feasible to prepare the memorandum of law in such a way that the circumstances of the crime and the victims' relationship to [P]etitioner avoid identifying them." *Id.*

**DISCUSSION**

There is a "common law right of public access to judicial documents," which is "firmly rooted in our nation's history" and which creates a rebuttable "presumption" in favor of public access to judicial documents. *Lugosch v. Pyramid Co.*, 435 F.3d 110, 119 (2d Cir. 2006). In order to be designated a judicial document, "'the item filed must be relevant to the performance of the judicial function and useful in the judicial process.'" *Id.* (quoting *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995)). In determining how much weight to afford the presumption, courts must consider "the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Id.* After determining the weight of the presumption, the court then must weigh "competing considerations," including, among other things, the "privacy interests of those resisting disclosure" and the "danger of impairing law enforcement or judicial efficiency." *Id.* (quotation marks omitted). A court may seal judicial documents if "'closure is essential to preserve higher values and closure is narrowly tailored to serve that interest.'" *ABC v. XYZ*

[1] The names of the minor victims are also required to be redacted in accordance with Rule 5.2 of the Federal Rules of Civil Procedure.

*Corp.*, No. 18-cv-11653 (JGK) (JLC), 2019 WL 1292503, at *2 (S.D.N.Y. Mar. 19, 2019) (quoting *Lugosch*, 435 F.3d at 119), *adopted by* 2019 WL 1304466 (S.D.N.Y. Mar. 20, 2019).[2]

Here, there is no question that the trial transcripts, state court record, and Respondent's memorandum of law are "judicial documents"—they have been submitted in connection with an opposition to a petition for a writ of habeas corpus and will be essential to the Court's evaluation of the petition, and they are therefore subject to a strong presumption of access. *See, e.g.*, *Kemp v. Noeth*, No. 20-cv-9121 (RA) (SN), 2021 WL 1512712, at *1-2 (S.D.N.Y. Apr. 15, 2021); *McCord v. Reardon*, No. 20-cv-2005 (EK), 2020 WL 5342637, at *1 (E.D.N.Y. Sept. 4, 2020). Nevertheless, "safeguarding the identity of a rape victim" is a "compelling reason to limit the general public's access to the documents filed in this case." *Scott v. Graham*, No. 16-cv-2372 (KPF) (JLC), 2016 WL 6804999, at *1 (S.D.N.Y. Nov. 17, 2016). "In habeas proceedings seeking relief from convictions for sex offenses, numerous courts in this District and elsewhere have entered sealing orders, or have excluded the rape victim's name from judicial documents, to protect the victim's identity." *Id.* (collecting cases); *see also Ocasio v. Noeth*, No. 19-cv-6894 (EAW), 2021 WL 1437970, at *2 (W.D.N.Y. Apr. 16, 2021). Courts are skeptical, however, of granting requests for wholesale sealing, and instead typically require parties to submit proposed redactions that remove victim names, but allow public access to the remainder of the record. *See, e.g.*, *McCord*, 2020 WL 5342637, at *1; *Ocasio*, 2021 WL 1437970, at *1-2; *see also Scott*, 2016 WL 6804999, at *2 ("The Court further concludes that respondents' request to redact the names of the victim and her mother (as opposed to requesting that the Court seal this entire

---

[2] In accordance with *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) and Local Civil Rule 7.2 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, copies of this case and other cases that are unpublished or only available by electronic database are being simultaneously mailed to the *pro se* Petitioner along with this Order.

proceeding) is 'narrowly tailored' to serve the higher value of safeguarding the victim's identity.").

With these principles in mind, the Court has reviewed the trial transcripts and state court record and finds that given the prevalence of references to the victims and/or identifying details about the victims, redacting the trial transcripts and state court record is not practicable. Therefore, it is appropriate to seal the trial transcripts and state court record as requested by Respondent. *See Kemp*, 2021 WL 1512712, at *2 (granting motion to file state court records and transcripts entirely under seal). As regards Respondent's memorandum of law, however, the Court concludes that Respondent's request to seal the memorandum of law in its entirety is not sufficiently "narrowly tailored" to balance the competing interests of public access to judicial documents and protecting the identities of the adult and minor victims in this case. Significant portions of the memorandum of law recount procedural history and make legal arguments, and Respondent has not articulated any basis to seal those aspects of the filing. Moreover, while Respondent contends that "filing a redacted record may not comply with New York's process for disclosing confidential records," and that "New York Civil Rights Law § 50-b(2) sets forth a disclosure process that does not contemplate disclosing redacted documents," Sealing Mot. at 3, the one case that Respondent cites for the proposition that filing redacted documents on the public docket is impermissible, *Matter of N.Y. Civ. Liberties Union v. N.Y.C. Police Dep't*, 32 N.Y.3d 556 (2018), involved New York Civil Rights Law ***§ 50-a***, a statute that has since been repealed, and that, in any event, governed the disclosure of police officer personnel records. As such, the case is completely inapposite and provides no basis to bar the filing of a redacted version of Respondent's memorandum of law on the public docket in this case. Respondent does nothing to distinguish this case from the cases in this District and this Circuit where courts have

ordered the public filing of state court records with redactions in cases involving sex crimes. *See, e.g., Scott, McCord, Ocascio, supra*; *see also Crowe v. Capra*, No. 22-cv-2274 (PMH) (AEK), ECF No. 27 (allowing state court record to be filed under seal in its entirety but denying request to file entire memorandum of law under seal and requiring Respondent to submit proposed redacted version of memorandum of law).

In sum, Respondent provides no justification for why he should be excused from more narrowly tailoring his request with respect to his memorandum of law. Accordingly, Respondent's request to file his entire memorandum of law under seal is denied. Nevertheless, the Court is sensitive to Respondent's contention that the identities of the adult sex crime victim and the minor victims should be protected, and for that reason, the Court will permit Respondent to renew this motion as to the memorandum of law; that renewed motion must be accompanied by a proposed redacted version of the memorandum of law.

## CONCLUSION

For the foregoing reasons, Respondent's Sealing Motion, ECF No. 35, is GRANTED IN PART AND DENIED WITHOUT PREJUDICE IN PART.

The Court notes that Petitioner's brief on direct appeal in state court, which is part of the record that the Court has determined should be filed under seal, was filed on the public docket as part of the petition, *see* ECF No. 1 at 16-59 (page numbers generated by the Court's Electronic Case Filing ("ECF") system). **Accordingly, the Clerk of Court is hereby directed to place ECF No. 1 under seal**.

Respondent must serve and file his renewed motion with respect to the filing under seal of his memorandum of law **by no later than July 31, 2026**.

The Clerk of Court is respectfully directed to mail a copy of this Order to the *pro se* Petitioner at his address of record on the docket.

Dated: July 14, 2026
White Plains, New York

**SO ORDERED.**

ANDREW E. KRAUSE
United States Magistrate Judge