UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

HOLGER LEMA-YAUCAN,

Petitioner,

-against-

SUPERINTENDENT PHILIP MELECIO,

Respondent.
-----------------------------------------------------------X

**ORDER**

23 Civ. 3860 (NSR) (AEK)

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.**

*Pro Se* Petitioner Holger Lema-Yaucan has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction for the crimes of first-degree rape, second-degree strangulation, aggravated criminal contempt, first-degree sexual abuse, and endangering the welfare of a child. *See* ECF No. 1. Respondent previously filed a motion for leave to file under seal the trial transcripts, state court record, and his memorandum of law, which the Court granted in part and denied without prejudice in part. ECF No. 37. While the Court granted the motion to seal the trial transcripts and state court record, the Court denied the motion without prejudice to renew with respect to Respondent's memorandum of law, concluding that Respondent's request to seal the memorandum of law in its entirety "was not sufficiently 'narrowly tailored' to balance the competing interests of public access to judicial documents and protecting the identities of the adult and minor victims in this case." *Id.* at 4.

Respondent has filed a renewed motion with respect to his memorandum of law which significantly narrows the scope of the sealing request. ECF Nos. 38-40. In the renewed motion, Respondent requests limited redactions from the publicly filed memorandum of law for the purpose of protecting the adult and minor victims' identities. Respondent's proposed redactions

are sufficiently narrowly tailored to balance the competing interests of providing public access to judicial documents and protecting the identity of these victims in a case involving sex crimes. *See Scott v. Graham*, No. 16-cv-2372 (KPF) (JLC), 2016 WL 6804999, at *1 (S.D.N.Y. Nov. 17, 2016) ("In habeas proceedings seeking relief from convictions for sex offenses, numerous courts in this District and elsewhere have entered sealing orders, or have excluded the rape victim's name from judicial documents, to protect the victim's identity.") (collecting cases).[1]

Accordingly, Respondent's renewed sealing motion, ECF No. 38, is GRANTED. The redacted version of Respondent's memorandum of law filed at ECF No. 40 is hereby accepted as the publicly filed version of this document.

* * * * * * * * * *

In addition, as set forth in the Court's June 10, 2026 Order, Petitioner's deadline to serve and file his reply papers, if any, was July 15, 2026. No reply submission has been received from Petitioner, nor has Petitioner requested an extension of time to file his reply. The Court, on its own accord, hereby extends the deadline for Petitioner to file his reply papers, if any, to **September 4, 2026**. If no reply papers are filed by that date, the Court will consider this matter to be fully submitted for adjudication.

* * * * * * * * * *

[1] A copy of this unpublished decision is attached to this Order.

The Clerk of Court is respectfully directed to mail a copy of this Order to the *pro se* Petitioner at his address of record on the docket.

Dated: August 4, 2026
White Plains, New York

**SO ORDERED.**

ANDREW E. KRAUSE
United States Magistrate Judge

2016 WL 6804999
Only the Westlaw citation is currently available.
United States District Court, S.D. New York.

Andre SCOTT, Petitioner,
v.
Harold D. GRAHAM, et al., Respondents.

16-CV-2372 (KPF) (JLC)
|
Signed November 17, 2016

**Attorneys and Law Firms**

Andre Scott, Auburn, NY, pro se.

Margaret Ann Cieprisz, New York State Office of the Attorney General, New York, NY, for Respondents.

## MEMORANDUM ORDER

JAMES L. COTT, United States Magistrate Judge.

***1** To protect the identity of a rape victim, respondents have submitted a letter requesting permission to redact the victim's name from state-court records that respondents plan to file with the Court in their response to this habeas corpus petition. *See* Respondents' letter, dated Nov. 15, 2016, Dkt. No. 28. Further, because the victim and her mother share the same last name, respondents also seek permission to redact the mother's name. For the reasons stated below, respondents' request is granted.

The petitioner, Andre Scott, was convicted of, among other things, first-degree rape. *See* Amended Petition, undated, Dkt. No. 8, at 1; *People v. Scott*, 126 A.D.3d 645, 645 (1st Dep't 2015), *leave denied*, 25 N.Y.3d 1171 (N.Y. 2015). Section 50-b of New York's Civil Rights Law requires that the identities of sexual-assault victims remain "confidential" and that no public employee make "available for public inspection" any document disclosing the victim's identity. To maintain the privacy of the victim, comply with the Civil Rights Law, and fully respond to the petition, respondents request permission to redact the name of the victim and the victim's mother from copies of state-court records, including transcripts, that they plan to file with their response to Scott's petition. [1]

1 Respondents have properly redacted the name of the rape victim's minor child as required by Rule 5.2(a) of the Federal Rules of Civil Procedure.

There is a "common law right of public access to judicial documents," which is "firmly rooted in our nation's history" and which creates a rebuttable "presumption" in favor of public access to judicial documents. *Lugosch v. Pyramid Co.*, 435 F.3d 110, 119 (2d Cir. 2006). Although not every document filed with a court constitutes a "judicial document," it appears that the state-court records at issue here would qualify as such given that they appear to be "relevant to the performance of the judicial function and useful in the judicial process." *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995).

In determining what weight to afford the presumption in favor of public access to judicial documents, a court must first assess the "role of the material at issue in the exercise" of judicial power and the "value of such information to those monitoring the federal courts." *Lugosch*, 435 F.3d at 119 (citing *Amodeo*, 71 F.3d at 1050). Then, the court must weigh "competing interests," including, among other things, the "privacy interests of those resisting disclosure" and the "danger of impairing law enforcement or judicial efficiency." *Id.* A court may seal judicial documents "if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and closure is narrowly tailored to serve that interest." *Id.* (citing *In re New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987)).

Here, there is a compelling reason to limit the general public's access to the documents filed in this case: safeguarding the identity of a rape victim. In habeas proceedings seeking relief from convictions for sex offenses, numerous courts in this District and elsewhere have entered sealing orders, or have excluded the rape victim's name from judicial documents, to protect the victim's identity. *See, e.g., Archbold v. Hessel*, No. 08-CV-3898 (SHS) (FM), 2011 WL 2671527, at *1 (S.D.N.Y. June 20, 2011), *adopted as modified*, 2011 WL 2946169 (S.D.N.Y. July 19, 2011) ("I have referred to the victim by her initials to protect her identity. *See* N.Y. Civil Rights Law § 50-b. For the same reason, I also granted the Respondent's motion to file the state court records under seal."); *Martich v. Smith*, No. 08-CV-6277 (SAS), 2009 WL 2043894, at *1 n.4 (S.D.N.Y. July 14, 2009) ("[T]his Court granted respondent ... leave to place under seal the federal habeas corpus petition and copies of all state records, in order to protect the privacy of the sex offense victim pursuant to N.Y. Civ. Rights Law § 50-b."); *Hardison v. Artus*, No. 06-CV-322 (LTS) (AJP),


© 2026 Thomson Reuters. No claim to original U.S. Government Works.

2006 WL 1330064, at *1 (S.D.N.Y. May 16, 2006), *adopted by*, 2006 WL 1763678 (S.D.N.Y. June 23, 2006) ("To protect the privacy of the sexual assault victim, as required by N.Y. Civil Rights Law § 50-b, she will be referred to by her initials instead of name. The state trial transcript has been filed under seal because it refers to the victim by name."); *Roe v. Senkowski*, No. 9:98-CV-656 (NAM) (GLS), 2001 WL 1860884, at *1 (N.D.N.Y. Feb. 20, 2001) (citing New York Civil Rights Law § 50-b and referring to sex-offense victim by initials only); *Brown v. Duncan*, No. 9:00-CV-242 (DNH) (GLS), 2003 WL 21294476, at *1 n.1 (N.D.N.Y. June 4, 2003) (citing New York Civil Rights Law § 50-b and noting that the "court will not refer to the victim by her name" and directing that the clerk "seal the file in this proceeding").

***2** The Court further concludes that respondents' request to redact the names of the victim and her mother (as opposed to requesting that the Court seal this entire proceeding) is "narrowly tailored" to serve the higher value of safeguarding the victim's identity. *See, e.g., United States v. Silver*, No. 15-CR-93 (VEC), 2016 WL 1572993, at *3 (S.D.N.Y. Apr. 14, 2016).

For the reasons stated above, respondents' request to file their response to the petition under seal is GRANTED. Respondents shall file copies of the state-court record and state-court transcripts with the Clerk of the Court on the docket with the names of the victim, the victim's mother, and the victim's child, redacted, and file unredacted copies of these same documents under seal.

**SO ORDERED.**

Dated: November 1, 2016.

**All Citations**

Not Reported in Fed. Supp., 2016 WL 6804999

**End of Document**

© 2026 Thomson Reuters. No claim to original U.S. Government Works.