UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

HOLGER LEMA-YAUCAN,

Petitioner,

-against-

SUPERINTENDENT PHILIP MELECIO,

Respondent.
-----------------------------------------------------------X

**ORDER**

23 Civ. 3860 (NSR) (AEK)

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.**

Petitioner has renewed his motion for the appointment of *pro bono* counsel. *See* ECF Nos. 42-44. As the Court previously stated in denying Petitioner's earlier motion, because Petitioner (1) has not been granted permission to proceed *in forma pauperis* in this habeas proceeding, and (2) has not made any showing that he meets the applicable standard for the appointment of *pro bono* counsel set forth in *Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986), his request is DENIED WITHOUT PREJUDICE to renew upon a showing that he satisfies both of those requirements. ECF No. 32. While Petitioner states in his renewed motion that he has been granted permission to proceed *in forma pauperis* in this habeas proceeding, ECF No. 43, he still has not, and his renewed motion fails to demonstrate that he satisfies the standard set forth in *Hodge*. Rather, Petitioner states that *pro bono* counsel should be appointed because the Court should hold an evidentiary hearing related to his habeas claims. *Id.* Rule 8(c) of the Rules Governing Section 2254 Cases in the United States District Courts, provides that if the judge decides that an evidentiary hearing is warranted, then "the judge must appoint an attorney to represent a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A." Rules Governing § 2254 Cases, Rule 8(c). Given that the only two claims raised in this habeas

proceeding are (1) that the conviction was not supported by legally sufficient evidence, and (2) that the sentence imposed was harsh and excessive, *see* ECF No. 1, both of which were presented to, and decided by, the state courts on direct appeal, *see People v. Lema-Yaucan*, 203 A.D.3d 754 (N.Y. App. Div.), *lv. denied*, 38 N.Y.3d 1008 (2022), the Court cannot conclude that an evidentiary hearing is warranted.[1]

Accordingly, because Petitioner has again failed to demonstrate that he is entitled to the appointment of *pro bono* counsel, his renewed motion (ECF No. 43) is DENIED WITHOUT PREJUDICE to renew.

The Clerk of Court is respectfully directed to mail a copy of this Order to the *pro se* Petitioner at his address of record on the docket.

Dated: August 21, 2026
White Plains, New York

**SO ORDERED.**

ANDREW E. KRAUSE
United States Magistrate Judge

[1] "Federal review under either prong of [28 U.S.C.] § 2254(d)(1) 'is limited to the record that was before the state court that adjudicated the claim on the merits.'" *Jackson v. Conway*, 763 F.3d 115, 135 (2d Cir. 2014) (quoting *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011)).